# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TENNESSEE
# WESTERN DIVISION

**ALAN RAY GOOLSBY,**

      **Plaintiff,**

v.                                                                    Case 2:19-cv-02434-SHL-cgc

**CITY OF BARTLETT;**
**CITY OF BARTLETT COURT;**
**CITY OF BARTLETT POLICE AND**
**DETECTIVE DEPARTMENT;**
**SHARON BANTON,** *Bartlett Police Officer*;
**JUSTINE REAMS,** *Bartlett Police Officer*;
**DANIEL BROWN,** *City of Bartlett Judge*; **and**
**CITY OF BARTLETT OFFICER UNKNOWN**
**WHO WAS PRESENT AT AUTO;**

      **Defendants.**

## ORDER DENYING MOTION FOR APPOINTMENT OF COUNSEL
## and
## REPORT AND RECOMMENDATION ON *IN FORMA PAUPERIS* SCREENING
## PURSUANT TO 28 U.S.C. § 1915

On July 8, 2019, Plaintiff Alan Ray Goolsby filed a *pro se* Complaint for Violation of Civil Rights under 42 U.S.C. § 1983 ("Section 1983") and a motion to proceed *in forma pauperis*. (Docket Entry ("D.E.") # 1 & 2.) The motion to proceed *in forma pauperis* was granted on August 30, 2019. (D.E. # 7.) This case has been referred to the United States Magistrate Judge for management and for all pretrial matters for determination and/or report and recommendation as appropriate pursuant to Administrative Order 2013-05.[1] For the reasons set forth herein, it is

---

[1] The instant case has been referred to the United States Magistrate Judge by Administrative Order pursuant to the Federal Magistrates Act, 28 U.S.C. §§ 631-639. All pretrial matters within the Magistrate Judge's jurisdiction are referred pursuant to 28 U.S.C. § 636(b)(1)(A) for

RECOMMENDED that Plaintiff's Complaint be DISMISSED pursuant to 28 U.S.C. § 1915 ("Section 1915") for failure to state a claim upon which relief may be granted.

## I. Introduction

Plaintiff's Complaint is difficult to follow; however, it appears from the Complaint that Plaintiff's allegations stem from his arrest after Plaintiff was accused of stalking a minor. Plaintiff alleges that on November 7, 2016, Bartlett Police Officer Justine Reams ("Officer Reams") completed an Arrest Warrant and accompanying Affidavit. Attached to Plaintiff's Complaint is the Arrest Warrant and the Affidavit completed and sworn by Officer Reams. In it, Plaintiff is accused of aggravated stalking. According to Officer Reams' Affidavit, Mark Miller, who was under the age of eighteen, complained that Plaintiff had been stalking him from June 8, 2016 through October 22, 2016.

Plaintiff alleges that on November 14, 2016 he was tired, and he parked his vehicle on a street in Bartlett, Tennessee. Bartlett Police Officer Sharon Banton ("Officer Banton") approached Plaintiff while he was in his vehicle. She asked whether he was okay and asked for his driver's license and registration. Plaintiff was asked whether he knew a Mark Miller. Plaintiff responded that he did not. According to Plaintiff, a second officer – still unknown to Plaintiff – arrived, spoke to Officer Banton, and "told Officer Banton to arrest [him]." The officers asked Plaintiff to exit his car, explaining that someone accused him of stalking. Plaintiff was then arrested and taken to jail. Plaintiff alleges he was told to plead guilty. Plaintiff also alleges that he was held for a mental evaluation temporarily at Memphis Mental Health.

Attached to his Complaint is the list of Judgments. It states Plaintiff pleaded guilty to criminal attempt on February 6, 2017 and was assessed a fine and other court costs. It appears

---

determination, and all other pretrial matters are referred pursuant to 28 U.S.C. § 636(b)(1)(B)-(C) for report and recommendation.

from his Complaint that when Plaintiff failed to comply with his plea agreement, Plaintiff was sent to the "penal farm" at Shelby Farms for thirty days. Plaintiff states he was out in fifteen days. Plaintiff alleges that, eventually, the clerk's office informed him the debt was forgiven, and his case concluded by July 9, 2018.

As part of his Complaint, Plaintiff alleges that his car was towed after his arrest. The car contained his cell phone, clothes, tools, books, music, and money. Plaintiff also complains of the food he received during his detainment, stating it caused him to lose forty-one pounds. Plaintiff alleges that, in total, he was wrongfully charged, wrongfully detained, his civil rights violated, and that he suffered both physical and monetary harm.

For relief, Plaintiff seeks two million dollars in compensatory and punitive damages, cost of this action, expungement of his entire record, and to be "placed in [a] position of good reputation [as] before this arrest. As part of his relief, Plaintiff also seeks the appointment of an attorney. To the extent that this is construed as a motion for appointment of counsel, it is DENIED. Pursuant to 28 U.S.C. § 1915(e)(1), "[t]he court may request an attorney to represent any person unable to afford counsel." However, "[t]he appointment of counsel in a civil proceeding is not a constitutional right." *Lanier v. Bryant*, 332 F.3d 999, 1006 (6th Cir. 2003). Appointment of counsel is "a privilege that is justified only by exceptional circumstances." *Wahl v. McIver*, 773 F.2d 1169, 1174 (11th Cir. 1985). In determining whether "exceptional circumstances" exist, courts have examined "the type of case and the abilities of the plaintiff to represent himself." *Archie v. Christian*, 812 F.2d 250, 253 (5th Cir. 1987); *see also Poindexter v. FBI*, 737 F.2d 1173, 1185 (D.C. Cir. 1984). This generally involves a determination of the "complexity of the factual and legal issues involved." *Cookish v. Cunningham*, 787 F.2d 1, 3 (1st Cir. 1986). The Court

finds that the instant case does not present complex factual and legal issues that rise to the level of the exceptional circumstances that the Sixth Circuit requires.

## II. Analysis

Plaintiff's Complaint alleges violations of his civil rights pursuant to Section 1983. Pursuant to Section 1915, in proceedings *in forma pauperis*, notwithstanding any filing fee, or any portion thereof, that may have been paid, the Court shall dismiss the case at any time if the court determines that the allegation of poverty is untrue or that the action or appeal is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2).

Pleadings and documents filed by *pro se* litigants are to be "liberally construed," and a "*pro se* complaint, however inartfully pleaded, must be held to a less stringent standard than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 93, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). However, "the lenient treatment generally accorded to pro se litigants has limits." *Pilgrim v. Littlefield*, 92 F.3d 413, 416 (6th Cir. 1996) (citing *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991)). The basic pleading essentials are not abrogated in *pro se* cases. *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989). A *pro se* complaint must still "contain sufficient factual matter, accepted as true to state a claim to relief that is plausible on its face." *Barnett v. Luttrell*, 414 F. App'x 784, 786 (6th Cir. 2011) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotations and emphasis omitted)). District Courts "have no obligation to act as counsel or paralegal" to *pro se* litigants. *Pliler v. Ford*, 542 U.S. 225, 231 (2004). District Courts are also not "required to create" a *pro se* litigant's claim for him. *Payne v. Sec'y of Treasury*, 73 F. App'x 836, 837 (6th Cir. 2003). Generally, to successfully plead a Section 1983 claim, a plaintiff must allege (1) the deprivation of a right secured by the Constitution or laws of

the United States and (2) deprivation was caused by a person acting under color of state law. *Tahfs v. Proctor*, 316 F.3d 585, 590 (6th Cir. 2003).

Actions brought pursuant to Section 1983 are generally governed by the state statute of limitations for personal injuries. *Edison v. Tenn. Dep't of Children's Servs.*, 510 F.3d 631, 635 (6th Cir. 2007). Tennessee law provides a one-year statute of limitation for civil actions brought under federal civil rights statutes, such as Section 1983. Tenn. Code Ann. § 28-3-104. "Although state law provides the statute of limitations to be applied in a § 1983 damages action, federal law governs the question of when that limitations period begins to run." *Sevier v. Turner*, 742 F.2d 262, 272 (6th Cir. 1984) (citations omitted). Federal law dictates that the statute of limitations begins to run at the time the plaintiff "knows or had reason to know" of the alleged injury. *Edison*, 510 F.3d at 635. The plaintiff "has reason to know" of the injury when the plaintiff should have discovered the injury through "reasonable diligence." *Sevier*, 742 F.2d at 272. For purposes of a Section 1983 claim, this means that the statute of limitations begins to run on the date of the alleged constitutional violation. Plaintiff filed his complaint on July 8, 2019. The last date of any alleged constitutional violation that Plaintiff complains of is in February 2017.[2] Accordingly, Plaintiff's claims are time-barred, and it is RECOMMENDED that Plaintiff's Complaint be dismissed for failure to state a claim upon which relief may be granted.

Even if Plaintiff's claims were not time-barred by the statute of limitations, Plaintiff still fails to state a claim for which relief may be granted. As to Plaintiff's claims against the City of Bartlett Court, the City of Bartlett Police and Detective Department, and Officers Banton and

---

[2] Although Plaintiff states that his case was "concluded" on July 9, 2018 and that he had been attending court on Mondays prior to that, it appears from his Complaint that Plaintiff is alleging violations of his constitutional rights between his first arrest on November 14, 2016 and February 6, 2017 when he finally pleaded guilty and was assessed a fine. As to Plaintiff's alleged second detainment as a result of him not following his plea agreement, Plaintiff fails to specify any dates.

Reams, those claims are construed as claims against the City of Bartlett. *See York v. Tennessee*, 2015 WL 4459081, at *1 n.1 (W.D. Tenn. July 21, 2015) (explaining that governmental departments, divisions, and buildings are not "suable entities" for purposes of Section 1983 claims and thus claims against them must be construed as claims against the governmental entity itself); *Mathews v. Jones*, 35 F.3d 1046, 1049 (6th Cir. 1994) ("[T]he Police Department is not an entity which may be sued . . . [thus the City] is the proper party to address the allegations of . . . [the] complaint."); *Matthews v. Jones*, 35 F.3d 1046, 1049 (6th Cir. 1994) ("A suit against an individual in his official capacity is the equivalent of a suit against the governmental entity."). Accordingly, Plaintiff's claims against these Defendants are addressed below as claims against the City of Bartlett. As to Plaintiff's claims against the unknown officer, service of process cannot be made on an unknown officer or a fictitious party, and therefore, it is RECOMMENDED that any claims against the unknown officer be dismissed for failure to state a claim. *See generally*, *Bufalino v. Mich. Bell Tel. Co.*, 404 F.2d 1023, 1028 (6th Cir. 1963).

As to Plaintiff's claims against Daniel Brown, in his capacity as a City of Bartlett Judge ("Judge Brown"), Plaintiff makes no allegations whatsoever in his Complaint regarding Judge Brown. At most, Plaintiff makes mention of going to court and it appears that Judge Brown's signature appears on an Affidavit of Complaint. "[A] court cannot create a claim which [Plaintiff] has not spelled out in his pleading." *Brown v. Matauszak*, 415 F. App'x 608, 613 (6th Cir. 2011) (internal quotation marks omitted). As a result, it is RECOMMENDED that any claims against Judge Brown be dismissed for failure to state a claim upon which relief may be granted.

As to the City of Bartlett, the Supreme Court in *Monell v. New York Social Service*, 436 U.S. 658 (1978), outlined the standard for municipal liability under Section 1983. Pursuant to *Monell*, liability must be based on the existence of some policy, procedure, or custom which results

in constitutional harm to the plaintiff and may not be predicated solely on the basis of a respondeat superior theory. *Monell*, 436 U.S. at 690-91. Furthermore, a municipality is only liable under Section 1983 if an "officially executed policy, or the toleration of a custom within [it] leads to, causes, or results in the deprivation of a constitutionally protected right." *Doe v. Claiborne Cty. Tenn. By & Through Claiborne Cty. Bd. of Educ.*, 103 F.3d 495, 507 (6th Cir. 1996) (citing *Monell*, 436 U.S. at 690-91). Additionally, the policy must be connected to the municipality in such a way as to show that the injury was caused by the execution of that policy. *See Alkire v. Irving*, 330 F.3d 802, 815 (6th Cir. 2003); *Searcy v. City of Dayton*, 38 F.3d 282, 286 (6th Cir. 1994). Plaintiff makes no allegations whatsoever that the City of Bartlett has a policy, procedure, or custom of violating federally protected rights. Accordingly, it is RECOMMENDED that Plaintiff's claims against the City of Bartlett be dismissed for failure to state a claim upon which relief may be granted.

For the reasons set forth herein, it is RECOMMENDED that Plaintiff's Complaint be DISMISSED pursuant to Section 1915 for failure to state a claim upon which relief may be granted.

The Court must also consider whether Plaintiff should be allowed to appeal this decision *in forma pauperis*, should he seek to do so. The United States Court of Appeals for the Sixth Circuit requires that all district courts in the circuit determine, in all cases where the appellant seeks to proceed *in forma pauperis*, whether the appeal would be frivolous. Twenty-eight U.S.C. § 1915(a)(3) provides that "[a]n appeal may not be taken *in forma pauperis* if the trial court certifies in writing that it is not taken in good faith."

The good faith standard is an objective one. *Coppedge v. United States*, 369 U.S. 438, 445 (1962). The test under 28 U.S.C. § 1915(a) for whether an appeal is taken in good faith is whether

7

the litigant seeks appellate review of any issue that is not frivolous. *Id.* It would be inconsistent for a district court to determine that a complaint should be dismissed prior to service on the defendants but has sufficient merit to support an appeal *in forma pauperis*. *See Williams v. Kullman*, 722 F.2d 1048, 1050 n.1 (2d Cir. 1983). The same considerations that lead the Court to recommend dismissal of this case for failure to state a claim also compel the conclusion that an appeal would not be taken in good faith. It is therefore RECOMMENDED that the Court CERTIFY, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal in this matter by Plaintiff would not be taken in good faith and Plaintiff may not proceed on appeal *in forma pauperis*.

**SIGNED** this 26th day of May 2020.

s/ Charmiane G. Claxton
CHARMIANE G. CLAXTON
UNITED STATES MAGISTRATE JUDGE

**ANY OBJECTIONS OR EXCEPTIONS TO THIS REPORT MUST BE FILED WITHIN FOURTEEN (14) DAYS AFTER BEING SERVED WITH A COPY OF THE REPORT. 28 U.S.C. § 636(b)(1)(C). FAILURE TO FILE THEM WITHIN FOURTEEN (14) DAYS MAY CONSTITUTE A WAIVER OF OBJECTIONS, EXCEPTIONS, AND ANY FURTHER APPEAL.**